UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN YOUNG and ELAINE YOUNG,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LAW OFFICES OF HERBERT DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01108 NC<br><br>**ORDER RE: PROOF OF SERVICE**<br><br>Re: Dkt. No. 24 |

On October 18, 2013, the Court ordered plaintiffs to submit a supplemental brief in support of their motion for default judgment, Dkt. No. 24, explaining why leaving copies of the summons and complaint with "PRITI 'DOE', PERSON IN CHARGE OF WALL STREET CONNECTION POSTAL SERVICE" as shown on the proofs of service filed with the Court, Dkt. Nos. 4 and 5, effects service of process on the defendants in this case. Dkt. No. 32.  On October 30, plaintiffs filed a supplemental declaration of Jim Price, asserting that defendants were served "by substituted service to the business address Defendant gave to the California State Bar" and that the same method was used by counsel's office to serve the same defendants in a different case, *Page v. Performance Debt Resolution, et al.*, No. 12-cv-04029 EDL.  Dkt. No. 35 ¶ 3.  The declaration further asserts that service was proper under Rule 4(e)(1) of the Federal Rules of Civil Procedure,

Case No. 13-cv-01108 NC
ORDER RE: PROOF OF SERVICE

permitting service following California law, and California Code of Civil Procedure § 415.20. *Id.* ¶ 4.

Section 415.20(b), providing for substituted service on individuals, requires that a copy of the summons and complaint are left "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household *or a person apparently in charge of his or her office, place of business, or usual mailing address* other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof." Cal. Civ. Proc. Code § 415.20(b) (emphasis added). Similarly, section 415.20(a) which applies to entities, provides for service on a defendant by "leaving a copy of the summons and complaint during usual office hours *in his or her office* or, if no physical address is known, at his or her *usual mailing address*, other than a United States Postal Service post office box, *with the person who is apparently in charge thereof*" and that if service is to a mailing address, the copy of the summons and complaint must be "left with a person at least 18 years of age, who shall be informed of the contents thereof." Cal. Civ. Proc. Code § 415.20(a) (emphasis added).

Here, unlike the prior case referred to by plaintiffs, the proofs of service filed with the Court state that the copies of the summons and complaint were left with Priti "Doe," a person in charge of "WALL STREET CONNECTION POSTAL SERVICE." Dkt. Nos. 4, 5. While plaintiffs assert that defendants were served at the business address provided by defendant Herbert Davis to the California State Bar, it is unclear what is the relationship between defendants' business address and "WALL STREET CONNECTION POSTAL SERVICE," and whether Priti "Doe" was a person "apparently in charge" of defendants' business address as required by § 415.20. Plaintiffs have until November 22, 2013 to either file amended proofs of service or a declaration from the appropriate person showing that defendants were served in compliance with the requirements of § 415.20.

//

Case No. 13-cv-01108 NC
ORDER RE: PROOF OF SERVICE
2

Plaintiffs must serve a copy of this order and any filings in response to this order on defendants in the same manner used to serve defendants with the motion for default judgment.

IT IS SO ORDERED.

Date: November 7, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge