1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

KEVIN YOUNG and ELAINE YOUNG,

               Plaintiffs,

       v.

LAW OFFICES OF HERBERT DAVIS;
HERBERT DAVIS, ESQ.; AND DOES 1
THROUGH 20; INCLUSIVE,

               Defendants.

Case No. 13-cv-01108 NC

**REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION TO
GRANT MOTION FOR DEFAULT
JUDGMENT**

Re: Dkt. No. 24

Plaintiffs Kevin and Elaine Young move for entry of default judgment against

defendants Herbert Davis and Law Offices of Herbert Davis, under Federal Rule of Civil

Procedure 55(b)(2) for allegedly violating the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices

Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*[1]  Defendants have not filed an opposition

---

[1] Plaintiffs also bring this action against twenty doe defendants, but only move for default
judgment as to defendants Herbert Davis and Law Offices of Herbert Davis.  The Court
recommends that doe defendants be dismissed from the action.  There is no provision in the
Federal Rules of Civil Procedure permitting the use of fictitious defendants.  *See Fifty Assocs. v.
Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir.1970).  However, where appropriate in
the plaintiffs' allegations, the court collectively refers to Herbert Davis and Law Office of Herbert
Davis and the doe defendants as "defendants."

1  to plaintiffs' motion and did not appear at the hearing on the motion.  This matter will be

2  reassigned to a District Court Judge because defendants have not consented to Magistrate

3  Judge jurisdiction under 28 U.S.C. § 636(c).  The Court RECOMMENDS that the District

4  Court GRANT plaintiffs' motion and enter default judgment against defendants.

5                              **I. BACKGROUND**

6          According to plaintiffs' complaint, plaintiffs incurred financial obligations that were

7  primarily for personal, family or household purposes.  Dkt. No. 1 ¶ 20.  Plaintiffs allege

8  that these financial obligations constituted debt and/or consumer debt under the FDCPA

9  and RFDCPA.  *Id.* ¶ 19.  Plaintiffs became concerned that certain debts owed by them were

10  becoming unreasonably burdensome and sought to find a solution so that they could

11  continue to make reasonable payments.  *Id.* ¶ 21.

12         Plaintiffs allege that they attended a seminar where defendants represented that they

13  could resolve plaintiffs' debt problems through a company called Performance Debt

14  Resolution, which is now out of business.  *Id.* ¶ 22.  Plaintiffs allege that defendants were

15  part of a for profit organization that performed consumer credit counseling and assisted

16  consumers with liquidating their debts by receiving money from consumers and then

17  distributing it to creditors.  *Id.* ¶¶ 25-27.  Further, plaintiffs allege that defendants' program

18  required plaintiffs to agree to make automatic monthly payments to defendants as soon as

19  plaintiffs were accepted into the program.  *Id.* ¶ 23.  According to the complaint,

20  defendants' program was designed in a manner that defendants charged and received

21  money for the performance of a service before such service was fully performed.  *Id.* ¶ 24.

22  Plaintiffs allege that they paid money to defendants prior to any services being performed

23  by defendants.  *Id.*  Defendants failed to perform the agreed services within six months

24  following the date plaintiffs signed a contract for these services.  *Id.* ¶ 29.  Defendants

25  allegedly made false statements to plaintiffs that their debts had been resolved, but

26  subsequently plaintiffs were sued by a creditor who obtained a judgment against them.

27  *Id.* ¶ 31.

28         Based on these facts, plaintiffs allege that defendants are debt collectors under the

FDCPA and RFDCPA.  *Id.* ¶¶ 25-27.  Plaintiffs further allege that defendants violated the FDCPA by failing to provide required disclosures (*Id.* ¶¶ 35, 43), by receiving money for the performance of a service before such service is fully performed (*Id.* ¶ 37), by not meeting the requirement of a written and dated contract, (*Id.* ¶ 39), and by using unconscionable means to collect a debt (*Id.* ¶ 42).  Additionally, plaintiffs allege that defendants violated the RFDCPA by charging and receiving money for the performance of a service before such service is fully performed (*Id.* ¶¶ 28, 30), failing to provide written notifications to plaintiffs (*Id.* ¶¶ 32, 43), and by using unconscionable means to collect a debt (*Id.* ¶ 42).  Plaintiffs' complaint seeks actual and statutory damages, attorneys' fees, and costs under the FDCPA and the RFDCPA.  *Id.* at 13.

On plaintiffs' request for entry of default, the clerk entered default as to each defendant on August 2, 2013.  Dkt. No. 17.  Plaintiffs then filed the pending motion for default judgment seeking $12,118.50 in actual damages, $2,000 in statutory damages, $3,815 in attorneys' fees, and $499 in costs.  Dkt. No. 38 ¶ 7.  The Court held a hearing on November 6, 2013, and defendants did not appear.  Dkt. No. 41.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought.  Fed. R. Civ. P. 55(a).  After entry of default, the Court has discretion to grant default judgment on the merits of the case.  Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to grant default judgment, the Court considers the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

1

**III. DISCUSSION**

2

**A.    Jurisdiction**

3
4
5
6
7
8
9
10
11

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Here, the Court has subject matter jurisdiction over this action under 28 U.S.C § 1331 because the complaint alleges violations of the FDCPA. *See* 15 U.S.C. § 1692; Dkt. No. 1 ¶ 5.  This Court has supplemental jurisdiction over the related state law claim under the RFDCPA.  *See* 28 U.S.C. § 1367; Cal. Civ. Code § 1788.  Furthermore, the Court finds that there is personal jurisdiction over defendants.  The complaint alleges that defendants conduct business within California.  Dkt. No. 1 ¶¶ 12, 13; *See Panavision v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998).

12

**B.    Adequacy of Service of Process**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Additionally, the Court must assess the adequacy of service of process on the party against whom default is requested.  *Bank of the West v. RMA Lumber Inc.*, No. 07-cv-06469 JSW (EMC), 2008 WL 2474650, at *2 (N.D. Cal. June 17, 2008).  Federal law permits service of the summons and the complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  California Code of Civil Procedure § 415.20(b), which provides for substituted service on individuals, states: "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household *or a person apparently in charge of his or her office, place of business, or usual mailing address . . . .*"  Cal. Civ. Proc. Code § 415.20(b) (emphasis added).  Similarly California Code of Civil Procedure § 415.20(a), which applies to entities, provides for service on a defendant by "leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical

Case No. 13-cv-01108 NC
REFERRAL AND RECOMMENDATION
TO GRANT DEFAULT JUDGMENT

4

1   address is known, at his or her usual mailing address, other than a United States Postal

2   Service post office box, *with the person who is apparently in charge thereof*" and if service

3   is at a mailing address, "it shall be left with a person at least 18 years of age, who shall be

4   informed of the contents thereof." *Id.* § 415.20(a) (emphasis added).

5         Here, the proofs of service originally filed with the Court indicated that defendants

6   were served by substituted service left with "PRITI 'DOE' PERSON IN CHARGE OF

7   WALL STREET CONNECTION POSTAL SERVICE." Dkt. Nos. 4, 5. The Court ordered

8   plaintiffs to explain why this method was sufficient to effect proper service of process on

9   defendants in this case. *See* Dkt. No. 32. In response, plaintiffs submitted a supplemental

10  declaration by plaintiffs' counsel Jim Price, asserting that defendants were served "by

11  substituted service to the business address Defendant gave to the California State Bar."

12  Dkt. No. 35 ¶ 3. Additionally, the declaration asserted that in 2012, the same business

13  address and method of service was used to serve the same defendants in a separate case

14  from this District, *Page v. Performance Debt Resolution*. *Id.*; Dkt. Nos. 5, 6, No. 12-cv-

15  04029 EDL, 2013 WL 621197, at *4 (N.D. Cal. Jan. 30, 2013). Price further declares that,

16  because defendants received the summons and complaint in *Page*, and because he could not

17  find any better address to serve defendants, he has no reason to suspect that defendants did

18  not receive service of process in this action. Dkt. No. 35 ¶¶ 3, 5.

19        Despite the additional information provided by plaintiffs, it remained unclear what

20  was the relationship between defendants' business address and "WALL STREET

21  CONNECTION POSTAL SERVICE," and whether "PRITI 'DOE'" was a person in charge

22  of defendants' business address. Thus, the Court ordered plaintiffs to show that service was

23  properly left with a person in charge of defendants' business address, in compliance with

24  the requirements of California Code of Civil Procedure § 415.20. Dkt. No. 40. Plaintiffs

25  responded by filing an amended proof of service showing that service was left with "PRITI

26  'DOE' PERSON IN CHARGE OF 18653 VENTURA BLVD SUITE 335 TARZANA, CA

27  91356." Dkt. Nos. 42, 43. Based on Price's declaration (Dkt. No. 35) and the amended

28  proofs of service (Dkt. Nos. 42, 43), the Court finds that service on defendants was proper.

*See* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.").

**C.    Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a defendant against whom a default has been entered, unless the defendant is a minor or incompetent.  Additionally, 50 U.S.C. app. § 521(b)(1) requires, as a prerequisite to default judgment, an affidavit showing that the defendant is not in active military service. Plaintiffs submit a declaration by plaintiffs' counsel Jim Price stating that defendants are not incompetent.  Dkt. No. 35 ¶ 2.  At plaintiffs' request, the Court takes judicial notice of a printout of the California State Bar website listing defendant, Herbert Davis, as admitted to the State Bar of California in 1961 and disbarred in 2012.  Dkt. No. 36; *see Paralyzed Veterans of Am. v. McPherson*, No. 06-cv-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (discussing that courts routinely take judicial notice of public records available from reliable sources on the Internet).  Plaintiffs assert that according to the California State Bar website printout, defendants are not minors and not in active military service.  Dkt. No. 36; *see also Page v. Performance Debt Resolution*, Dkt. No. 22 ¶ 2, No. 12-cv-04029 EDL, 2013 WL 621197, at *7 (N.D. Cal. Jan. 30, 2013) (granting default judgment against the same defendants).  The Court finds that defendants are not incompetent persons, minors, or in active military service.  *See* Dkt. Nos. 35, 36.

**1.    Merits and Sufficiency of the Complaint**

Under the second and third *Eitel* factors, in deciding whether to grant default judgment the Court must examine the merits of plaintiffs' substantive claims and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  The Court examines plaintiffs' claims under the FDCPA and RFDCPA in turn.

**a.    FDCPA Claim**

The FDCPA claim appears to have merit and is sufficient to state a claim.  "In enacting the FDCPA, Congress sought to counter the abusive, deceptive, and unfair debt collection practices sometimes used by debt collectors against consumers." *Turner v. Cook*,

362 F.3d 1219, 1226-27 (9th Cir. 2004).  Plaintiffs allege that they are "consumers" as defined by 15 U.S.C. § 1692a(3) ("any natural person obligated or allegedly obligated to pay any debt").  Dkt. No. 1 ¶ 11.  Further, the complaint alleges that defendants are "debt collectors," as defined in 15 U.S.C. § 1692a(6) ("any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owned or due or asserted to be owed or due another).  Dkt. No. 1 ¶ 14.

According to the complaint, defendants violated multiple sections of the FDCPA. Plaintiffs allege that defendants failed within five days after the initial communication with plaintiffs, to provide written notification containing a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." *Id.* ¶ 43.  Plaintiffs further allege that defendants failed within the same time period to provide a written notice containing a statement that if the consumer notifies the debt collector in writing that "the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy will be mailed to the debt collector, and the debt collector will provide the consumer with the name and address of the original creditor." *Id.*  Plaintiffs allege that by failing to provide these notices, defendants violated 15 U.S.C. § 1692e, which provides that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Dkt. No. 1 ¶ 43.  More specifically, plaintiffs allege that defendants violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Dkt. No. 1 ¶ 43.

Plaintiffs further allege that defendants falsely stated to plaintiffs that their debts had been resolved, but plaintiffs were subsequently sued by a creditor. *Id.* ¶ 31.  Plaintiffs allege that defendants' conduct violated 15 U.S.C. § 1692f which states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Dkt.

No. 1 ¶ 42. According to the complaint, defendants violated 15 U.S.C. § 1692f by designing a program "in such a fashion that [the] least sophisticated consumers were placed, without their knowledge, in a position wherein these consumers were likely to be sued by their creditors, and consequently, Defendants would be able to 'negotiate' with the debtor due to the debt being seriously in arrears." Dkt. No. 1 ¶¶ 36, 42.

### b.   RFDCPA Claim

Plaintiffs' second claim under the RFDCPA also appears to have merit and is sufficient to state a claim. The RFDCPA is California's counterpart to the FDCPA and incorporates many of its provisions. Cal. Civ. Code § 1788.17. Plaintiffs allege that they are "debtors" as the term is defined in California Civil Code § 1788.2(h) ("a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person"). Dkt. No. 1 ¶ 10. Additionally, plaintiffs allege that defendants are "debt collectors" as that term is defined by California Civil Code § 1788.2(c) ("any person who, in the ordinary course of business, regularly, on behalf of himself or herself or other engages in debt collection"). Dkt. No. 1 ¶ 16. Further, according to the complaint, defendants engaged in "debt collection," with respect to plaintiffs' consumer debts, as the term is defined by California Civil Code § 1788.2(b) ("any act or practice in connection with the collection of consumer debts"). Dkt. No. 1 ¶¶ 16, 27.

The complaint alleges that defendants violated California Civil Code § 1788.13(i), which prohibits "false representation of the true nature of the business or service being rendered by the debt collector," when defendants designed their program in such a way "that [the] least sophisticated consumers were placed, without their knowledge, in a position wherein these consumers were likely to be sued by their creditors, and consequently, Defendants would be able to 'negotiate' with the debtor due to the debt being seriously in arrears." Dkt. No. 1 ¶ 36. Additionally, defendants allegedly violated California Civil Code § 1789.13(a) and § 1789.13(b) by charging and receiving money from plaintiffs prior to full and complete performance of the services defendants agreed to perform. Dkt. No. 1 ¶¶ 28, 30.

Further, according to the complaint, defendants violated California Civil Code § 1789.13(b) which prohibits a credit services organization from "fail[ing] to perform the agreed services within six months following the date the buyer signs the contract for those services." Dkt. No. 1 ¶¶ 29, 30. Plaintiffs allege that prior to the execution of this contract, defendants failed to provide plaintiffs with a written statement, containing all the information required by California Civil Code § 1789.15 and § 1789.16. Dkt. No. 1 ¶ 32. Plaintiffs allege that defendants' conduct constituted unfair or unconscionable means to collect or attempt to collect a debt in violation of California Civil Code § 1788.17. Dkt. No. 1 ¶ 42.

After examining plaintiffs' complaint, the Court finds that plaintiffs have alleged sufficient claims under the FDCPA and RFDCPA, which support granting their motion for default judgment. *See* Page, 2013 WL 621197, at *7 (granting default judgment against the same defendants on similar claims).

## 2.  Remaining *Eitel* Factors

On balance, the remaining *Eitel* factors favor granting plaintiffs' motion for default judgment. First, plaintiffs would be prejudiced if the motion is denied because plaintiffs would likely be without a recourse for recovery. Plaintiffs' counsel has attempted to informally resolve similar disputes with defendants in the past with no success. *See* Dkt. No. 35 ¶ 1. Second, the amount of money to be awarded is not disproportionate or unreasonable. Plaintiffs are only seeking actual damages for the money they paid to defendants and for statutory damages. Third, the possibility of a dispute concerning material facts is unknown, because defendants have not answered the complaint or otherwise appeared in this action. Fourth, it is unlikely that the default was the result of excusable neglect. Defendants have been served with the complaint, the notice of default, as well as plaintiffs' motion for default judgment and supplemental declarations. *See* Dkt. Nos. 27, 39, 42, 43; *see Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendants failed to respond following proper service of the complaint, notice of entry of default, and a default

1    judgment motion).  Lastly, although federal policy generally favors decisions on the merits,

2    Federal Rule of Civil Procedure 55(b) permits entry of default judgment in situations where

3    the defendant refuses to litigate.  *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d

4    1039, 1061 (N.D. Cal. 2010) (finding that entry of default judgment is warranted where a

5    defendant's failure to appear makes a decision on the merits impracticable, if not

6    impossible).  Therefore, the Court finds that the remaining *Eitel* factors also weigh in favor

7    of granting plaintiffs' motion for default judgment.

8    **D.    Damages**

9            Plaintiffs seek actual and statutory damages.  Under the FDCPA, actual damages may

10   be awarded if a debt collector fails to comply with any provision of the FDCPA and actual

11   damage is sustained by a plaintiff as a result of such failure.  15 U.S.C. § 1692k(a)(1).

12   Plaintiffs seek actual damages in the amount of $12,118.50.  Dkt. Nos. 1 at 13; 38 ¶ 3.  This

13   request is supported by the declaration of plaintiff Kevin Young asserting that he and his

14   wife owed a significant amount of money to creditors and were looking for a way to resolve

15   their debt problems.  Dkt. No. 38 ¶ 2.  Plaintiffs signed up with defendants' company,

16   Performance Debt Resolution, and began making monthly payments totaling in the amount

17   of $12,118.50.  *Id.* ¶ 3.  Kevin Young alleges that after many months and many monthly

18   payments, plaintiffs discovered that nothing was being done to resolve their debt problems.

19   *Id.* ¶ 4.  Plaintiffs allege that they demanded the return of their money, but defendants have

20   not returned any of it.  *Id.*  Plaintiffs thus seek $12,118.50 in actual damages as the amount

21   of the unreturned monthly payments.  *Id.* ¶ 7.  The Court finds that plaintiffs have submitted

22   adequate support for their requested damages and that they are entitled to recover

23   $12,118.50 in actual damages.

24           Plaintiffs also seek statutory penalties in the amount of $1,000 under the FDCPA and

25   $1,000 under the RFDCPA.  Dkt. Nos. 1 at 13; 38 ¶ 5.  Statutory damages under both acts

26   are cumulative and may be awarded under both statutes.  *See Gonzales v. Arrow Fin. Servs.,*

27   *LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011) (finding that "the FDCPA does not pre-empt

28   consistent state action, including cumulative recovery of statutory damages under state

law."). In determining the amount of liability under the FDCPA, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). According to the complaint, defendants failed to provide plaintiffs with required written notices and defendants' conduct constituted unconscionable means to collect a debt. Dkt. No. 1 ¶¶ 42, 43. Plaintiffs allege defendants charged and received money for the performance of debt collection services, which defendants agreed to perform, before such services were fully performed. *Id.* ¶ 24. Further, plaintiffs allege that defendants failed to perform the agreed services within six months following the date of a signed contract and falsely stated to plaintiffs that their debts had been resolved. *Id.* ¶¶ 29, 31. Plaintiffs allege that defendants placed plaintiffs in a position where their debts were seriously in arrears and that plaintiffs have been sued by a creditor who obtained a judgment. *Id.* ¶¶ 31, 36. These allegations support an award of statutory damages in the maximum amount of $1,000 each under both the FDCPA and the RFDCPA.

**E.    Attorneys' Fees and Costs**

Plaintiffs also seek $3,815 in attorneys' fees. *See* Dkt. Nos. 1 at 13; 26 ¶ 3; 38 ¶ 5. The FDCPA and the RFDCPA both permit an award of reasonable attorney's fees. The FDCPA provides that a debt collector is liable, "in the case of any successful action to enforce the foregoing liability, [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The RFDCPA states that "[r]easonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor . . . " Cal. Civ. Code § 1788.30(c). To determine a reasonable attorney's fee, or "lodestar," the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court, in considering what constitutes a reasonable hourly rate, looks to the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Here, plaintiffs' counsel spent a total of 10.90 hours working on plaintiffs' case. Dkt.

No. 26.  Plaintiffs' counsel billed plaintiffs at the hourly rate of $350 per hour.  Dkt. No. 26
¶ 3.  The Court finds that the number of hours worked by plaintiffs' counsel on the case is
reasonable.  Additionally, counsel's hourly rate is reasonable in the Northern District of
California for this type of case.  *See Page v. Performance Debt Resolution*, No. 12-cv-
04029 EDL, 2013 WL 621197, at *7 (awarding attorney's fees for the same counsel at the
hourly rate of $350 per hour); *see also Palmer v. Far West Collection Servs., Ins.*, No. 04-
cv-03027 RMW, 2008 WL 5397140, at *1 (N.D. Cal. Dec. 18, 2008) (awarding attorneys'
fees in a successful FDCPA action for three attorneys at rates of $325 and $465 per hour).
The Court therefore recommends an award of attorneys' fees in the amount of $3,815.

Lastly, plaintiffs seek an award of actual costs of $499, which is supported by a
declaration from Kevin Young.  Dkt. Nos. 1 at 13; 38 ¶ 6.  Both the FDCPA and the
RFDCPA permit a court to award costs.  15 U.S.C. § 1692k(a)(3); Cal. Civ. Code
§ 1788.20(c).  The Court therefore also recommends an award of costs in the amount of
$499.

## IV. CONCLUSION

The Court refers this case for reassignment to a District Court Judge.  Finding that the
*Eitel* factors weigh in favor of default judgment, the undersigned Magistrate Judge
recommends to the District Court to grant plaintiffs' motion for default judgment.  The
Court recommends that default judgment be entered against defendants, Herbert Davis and
Law Offices of Herbert Davis with joint and several liability for damages in the amount of
$18,432.50 ($12,118.50 in actual damages; $2,000 in statutory damages; $3,815 in
attorneys' fees; and $499 in costs).  Plaintiffs must serve defendants with this order in a
manner to ensure notice.

//

1    Any party may object to this recommendation under Federal Rule of Civil Procedure

2    72(b)(2) within fourteen days after being served with a copy.

3    IT IS SO ORDERED.

4    Date:  June 13, 2014

     _____
5                                                     Nathanael M. Cousins
                                                      United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28